ORIGINAL

1   MICHAEL S. EVANS
    California State Bar No. 146748
2   18411 Crenshaw Boulevard
    Suite 360
3   Torrance, CA 90504
    (310) 545-8192 (Office)
4   (310) 329-5233 (Facsimile)

5   Attorney for Defendant/Petitioner
    MICHAEL FARINAS
6
7

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 22 2006

at ____ o'clock and ____ min. ___ M
SUE BEITIA, CLERK

8               UNITED STATES DISTRICT COURT

9               FOR THE DISTRICT OF HAWAII

CV06 00164 HG LEK

10                                          CV06 00163 HG LEK

11  UNITED STATES OF AMERICA,       ) CR No. 03-00221HG
                                    ) CR No. 03-00350HG
12          Respondent/Plaintiff,   )
                                    )
13      v.                          ) PETITIONER'S MEMORANDUM OF
                                    ) POINTS AND AUTHORITIES IN
14  MICHAEL FARINAS,                ) SUPPORT OF HIS MOTION TO VACATE,
                                    ) SET ASIDE, OR CORRECT A SENTENCE
15          Petitioner/Defendant.   ) BY A PERSON IN FEDERAL CUSTODY
                                    ) PURSUANT TO 28 U.S.C. § 2255
16  _____ )

17

18      TO THE HONORABLE HELEN GILLMOR, UNITED STATES DISTRICT COURT

19  JUDGE, AND THE UNITED STATES ATTORNEY FOR THE DISTRICT OF HAWAII:

20      Defendant/Petitioner Michael Farinas, by and through his

21  attorney, Michael S. Evans, hereby submits this Memorandum of

22  Points and Authorities in Support of his Motion to Vacate, Set

23  Aside, or Correct a Sentence by a Person in Federal Custody

24  pursuant to 28 U.S.C. § 2255.

25  Dated:  March 20, 2006            Respectfully submitted,

26

27                                   _____
                                     MICHAEL S. EVANS
28                                   Attorney for Defendant/Petitioner
                                     MICHAEL FARINAS

1                MEMORANDUM OF POINTS AND AUTHORITIES

2        STATEMENT OF THE CASE

3        On May 7, 2003, the grand jury for the United States District

4   Court for the District of Hawaii indicted Michael Farinas,

5   Petitioner, and Elmer Farinas on a single charge of conspiracy to

6   distribute and possess with intent to distribute in excess of 50

7   grams of methamphetamine in violation of 21 U.S.C. § 841(a).  On

8   July 10, 2003, the United States of America, Respondent, filed a

9   Criminal Information charging Michael and Elmer Farinas with one

10  count of money laundering in violation of 18 U.S.C. §

11  1956(a)(1)(A)(i) and (ii).

12       On July 17, 2003, Petitioner entered into a plea agreement

13  with the Respondent in which he agreed to plead guilty to Count One

14  of the Indictment and Count One of the Criminal Information.  In

15  the plea agreement, Petitioner admitted to distributing in excess

16  of 50 grams of methamphetamine and to laundering $4000.00 of drug

17  proceeds.  (See, Plea Agreement, Paragraphs 8a and 8b, attached

18  hereto as Exhibit A).

19       All parties agreed that the Court would be bound by the

20  provisions of the United States Sentencing Guidelines

21  ("Guidelines") when imposing a sentence in this matter.  (See, Plea

22  Agreement, Paragraph 11).  Petitioner did not waive his right to

23  challenge the sentence imposed based upon a claim of ineffective

24  assistance of counsel.  (See, Plea Agreement, Paragraph 18a).

25       On July 17, 2003, Petitioner entered his guilty pleas to each

26  count in the indictment and criminal information.  (See, Transcript

27  of Change of Plea, Dated July 17, 2003, p. 25-26, attached hereto

28  as Exhibit B).  Prior to taking the plea, the Magistrate confirmed

-2-

1  that a single written plea agreement had been filed by the parties
2  applied to both cases. (See, Transcript of Change of Plea, p. 3,
3  8-9). The Magistrate informed Petitioner the District Court was
4  not bound by the plea agreement. In effect, the District Court
5  could reject the plea agreement at the time of sentencing in this
6  matter, at which time Petitioner would be given an opportunity to
7  withdraw his guilty plea. (See, Transcript of Change of Plea, p.
8  10-11, 25).

9       Counsel for Petitioner filed a Sentencing Statement objecting
10 to certain portions of the Presentence Investigation Report based
11 upon the United States Supreme Court's holding in Blakely v.
12 Washington and this Circuit's holding in United States v. Ameline.
13 Specifically, defense counsel argued the District Court was limited
14 to Petitioner's admissions when determining the appropriate
15 sentencing range under the United States Sentencing Guidelines.

16      Based upon these holdings, defense counsel objected to the
17 recommendation by United States Probation that Petitioner was
18 accountable for 516.2 grams of "ice" and 6.977 kilograms of crystal
19 methamphetamine resulting in a base offense level of 36. Rather,
20 Petitioner should only be held accountable for 50 grams of
21 methamphetamine, the amount he admitted to in the plea agreement
22 and at the hearing regarding his change of plea. Defense counsel
23 also objected to a two level increase for possession of a firearm
24 in connection with this offense and a four level increase for being
25 an organizer and leader because Petitioner did not admit to
26 possessing a firearm nor did he admit to being an organizer and
27 leader.
28 ///

1    Prior to sentencing, the parties filed a Memorandum of

2  Sentencing Agreement recommending this Court find the base offense

3  level to be a level 32.  Respondent agreed not to seek any role or

4  other enhancements to the base offense level.  (See, Memorandum of

5  Sentencing Agreement, Paragraph 4, attached hereto as Exhibit C).

6  Petitioner would receive a three point downward departure for

7  acceptance of responsibility.  (See, Memorandum of Sentencing

8  Agreement, Paragraph 5).  Respondent recognized that Petitioner

9  provided cooperation and based its decision not to seek no any

10  further enhancements to the base offense level because of his

11  cooperation.  Respondent also agreed to move for a sentence below

12  the ten year mandatory minimum sentence as a result of Petitioner's

13  cooperation.  (See, Id. at Paragraphs 6-9).

14    This second agreement does not include any recommendation as

15  to Respondent's criminal history or whether the "safety valve"

16  provisions may apply to his case.  (See, Id. at Paragraph 10).  The

17  parties also agreed that the District Court was not bound by this

18  second agreement.  (See, Id. at Paragraph 11).

19    On March 28, 2005 at the sentencing hearing, the District

20  Court interpreted the Memorandum of Sentencing Agreement to mean

21  that the parties would allow the Court to decide the gun and

22  "safety valve" issues.  The parties agreed with this

23  interpretation.  (See, Transcript of Sentencing Hearing, at p. 27-

24  28, attached hereto as Exhibit D).

25    This Court accepted the Plea Agreement filed by the parties

26  finding the Plea Agreement adequately reflected the seriousness of

27  the actual offense behavior and did not undermine the statutory

28  purposes of the Sentencing Guidelines.  (See, Transcript of

1  Sentencing Hearing, at p. 38).  This Court also accepted the
2  Memorandum of Sentencing Agreement and modified the Presentence
3  Report to reflect a base offense level of 32.

4      Petitioner's counsel did not object to this Court's failure to
5  follow the term of the plea agreement which made the Guidelines
6  binding upon this Court for purposes of determining Petitioner's
7  sentence.  Instead, this Court found the gun enhancement applied
8  and increased Petitioner's offense level two points, even though
9  Petitioner did not admit to possessing a firearm in relation to the
10 commission of his offenses.  As a result of this finding, this
11 Court also found the "safety valve" did not apply and denied
12 Petitioner's request to reduce his sentence by two levels.  This
13 Court reduced Petitioner's offense level three points for
14 acceptance of responsibility.  (See, Id. at 37-38).

15     With a Criminal History Category of I and a total offense
16 level of 31, Petitioner's sentencing range under the Sentencing
17 Guidelines was 108-135 months.  (See, Id. at 38).  This Court
18 granted the Respondent's motion for a downward departure based upon
19 Petitioner's cooperation and found the mandatory minimum of ten
20 years did not apply.  (See, Id. at 40-41).  This Court chose 110
21 months as the appropriate sentence.  Petitioner's counsel did not
22 file a notice of appeal.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1   A.   PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE
         ASSISTANCE OF COUNSEL WHEN HIS PRIOR ATTORNEY FAILED TO
2        OBJECT AND REQUIRE THIS COURT TO BE BOUND BY THE TERMS OF
         THE PLEA AGREEMENT AND MEMORANDUM OF SENTENCING AFTER THE
3        COURT ADOPTED BOTH OF THESE AGREEMENTS AT SENTENCING
         THEREBY MAKING THE GUIDELINES BINDING AND MANDATORY IN
4        THIS CASE, PRECLUDING THIS COURT FROM FINDING THE GUN
         ENHANCEMENT APPLIED TO THIS CASE, AND REQUIRING THIS
5        COURT TO APPLY THE "SAFETY VALVE" DEPARTURE TO THIS CASE.

6        A defendant is denied his right to effective assistance of

7   counsel guaranteed under the Sixth Amendment to the United States

8   Constitution when his counsel's conduct so undermined the proper

9   functioning of the adversarial process that the trial cannot be

10  relied upon as producing a just or fair result.  In order to

11  prevail on this claim, a defendant must show both his attorney's

12  performance fell below an objective standard of reasonableness, and

13  that he suffered prejudice because of his attorney's deficient

14  performance.  But for this unprofessional error, the results would

15  have been different.  Strickland v. Washington, 466 U.S. 668, 688

16  (1984).

17       A defendant is entitled to effective assistance of counsel at

18  the sentencing stage of his criminal proceedings.  Glover v. United

19  States, 531 U.S. 198, 200 (2001).  His attorney's performance would

20  fall below an objective standard of reasonableness when counsel

21  failed to object to an erroneous application of the Guidelines to

22  his client's case.  Cabello v. United States, 884 F.Supp. 298, 300-

23  301 (N.D.Ind. 1995).  Prejudice is established by showing that the

24  defendant would have received less time in custody if his attorney

25  would have objected to the erroneous application of the Guidelines

26  to his case.  Glover v. United States, 531 U.S. at 202-203.

27       In this case, Petitioner's prior counsel was deficient in

28  failing to argue that this Court was bound by the terms of the plea

-6-

1  agreement.  Once the Court adopted and accepted the terms of the
2  plea agreement at sentencing, Petitioner was entitled to specific
3  performance of the term of the plea agreement making this Court
4  bound by and required to follow the Guidelines when determining the
5  appropriate sentencing range in this case.

6      Under Federal Rules of Criminal Procedure, Rule 11(e)(1), the
7  parties may enter into an agreement to (A) dismiss other charges,
8  (B) make a recommendation to the Court for a particular sentence
9  with the understanding the recommendation is not binding upon the
10 Court, and/or (C) agree that a specific sentence is the appropriate
11 disposition of the case.  If the agreement is the type set forth in
12 (A) or (C), the Court may accept the agreement or defer this
13 decision until the Court has had an opportunity to consider the
14 presentence report.  If the agreement is the type set forth in (B),
15 then the Court must advise the defendant that if the Court does not
16 accept the recommendation the defendant does not have a right to
17 withdraw his guilty plea(s).  <u>See</u>, Federal Rules of Criminal
18 Procedure, Rule 11(e)(2).  Regardless of the type of agreement, a
19 Court may not finalize its acceptance of a plea agreement until it
20 has reviewed the presentence report.  <u>United States v. Ritsema</u>, 89
21 F.3d 392 (7th Cir. 1996); <u>United States v. Cordova-Perez</u>, 65 F.3d
22 1552, 1556-57 (9th Cir. 1995); U.S.S.G. § 6B1.1(c).

23     A district court's role in the plea bargaining process is
24 limited to acceptance or rejection of the agreement after it has
25 been finalized.  Once the district court has reviewed the
26 presentence report and accepted a plea agreement, the court is
27 bound by the terms of the agreement it has accepted.  <u>United States</u>
28 ///

1   v. Fagan, 996 F.2d 1009, 1013 (9th Cir. 1993); United States v.

2   Patrida-Parra, 859 F.2d 631-633 (9th Cir. 1988).

3       There is no provision in the Rules of Criminal Procedure

4   allowing a district court to reject or modify an agreement once

5   accepted.  United States v. Patrida-Parra, 859 F.2d at 632-633.

6   Rule 11(e)(3) confirms this rule of law.  "If the court accepts the

7   plea agreement, the court shall inform the defendant that it will

8   embody in the judgment and sentence the disposition provided for in

9   the plea agreement."

10      The fact that Rule 11 permits the district court to defer

11  acceptance until a presentence report is prepared and then reviewed

12  by the court speaks to the binding quality of the court's

13  acceptance.  If the court were free to accept or reject at any time

14  there would be no need to include deferral as an option.  A

15  district court's approval may only be rescinded if the defendant

16  has perpetrated a fraud upon the court.  United States v. Ritsema,

17  89 F.3d at 400.

18      A district court may not withdraw its prior approval based

19  upon the court's own unilateral mistake if plea bargain accurately

20  reflects the parties' agreement and the defendant has complied with

21  its terms.  Once the district court has signed off on the plea

22  agreement, the court is bound by its terms.  If the district court

23  fails to abide by the terms of the agreement, a defendant may

24  either withdraw his previous guilty plea(s) or request specific

25  performance of the accepted terms of the plea agreement.  Id. at

26  400-402.

27      In this case, it is unclear whether the agreement entered by

28  the parties was the type set forth in Rule 11(e)(1)(B) or (C).  Per

1  the terms of the plea agreement, the recommendations by the parties

2  were not binding upon this Court indicating a Rule 11(e)(1)(B) type

3  of agreement.  Yet, at the time of the change of plea, the

4  magistrate indicated that the Petitioner could withdraw his pleas

5  if this Court rejected the parties' plea agreement indicating a

6  Rule 11(e)(1)(C) type of agreement.  However designated, once this

7  Court accepted the plea agreement after reviewing the presentence

8  report in this case, the terms of the plea agreement became binding

9  upon this Court.

10       The net effect of this Court's decision made the Guidelines

11  mandatory and binding when determining the Petitioner's sentence.

12  Conversely, the plea agreement made the remedial portion of the

13  Booker opinion no longer applicable when determining the

14  appropriate sentence for the Petitioner.  See, See, United States

15  v. Booker, -- U.S. --, 125 S. Ct. 738, 756 (Breyer, J., opinion of

16  the Court) (hereinafter "remedial majority opinion") (2005).

17       Per agreement of the parties and the acceptance of the

18  agreement by this Court, the Guidelines were binding upon this

19  Court requiring a mandatory application to Petitioner's sentence

20  and triggering the Sixth Amendment protections set forth in the

21  substantive majority's opinion in Booker.  In United States v.

22  Booker, the United States Supreme Court ruled the Sixth Amendment

23  protections, as set forth in Apprendi v. New Jersey, 530 U.S. 466

24  (2000) and Blakely v. Washington, 542 U.S.   ---, 124 S.Ct 2531

25  (2004), are applicable to the United States Sentencing Guidelines.

26  Any fact other than a prior conviction which is necessary to

27  support a sentence exceeding the maximum authorized by the facts

28  established by a plea of guilty or a jury verdict must be admitted

1  by the defendant or proved to a jury beyond a reasonable doubt.

2  Apprendi v. New Jersey, 530 U.S. at 490.  The statutory maximum

3  sentence is the maximum sentence a judge may impose solely on the

4  basis of facts reflected in the jury's verdict or admitted by the

5  defendant.  Blakely v. Washington, 124 S.Ct. at 2537.  Applying

6  these two holdings to the Guidelines, to the extent a district

7  court seeks to increase a defendant's offense level and

8  corresponding sentencing range using enhancements set forth in the

9  Guidelines, the facts used to prove those enhancements must be

10  found by a jury beyond a reasonable doubt unless they are admitted

11  by the defendant.  United States v. Booker, 125 S. Ct. at 749-750

12  (Stevens, J., opinion of the Court) (hereinafter "substantive

13  majority opinion").

14       It should be pointed out that both opinions in Booker and a

15  recent holding by this Circuit find the portions of the Guidelines

16  which are mandatory and impose binding requirements on all judges

17  trigger the Sixth Amendment protections set forth in Apprendi and

18  Blakely.  United States v. Booker, 125 S.Ct at 749-750 (substantive

19  majority opinion); 125 S.Ct at 764 (remedial majority opinion);

20  United States v. Ameline, 409 F.3d 1073, 1077-1078 (9th Cir. 2005).

21       In the plea agreement, the parties agreed the Guidelines would

22  be mandatory and binding upon this Court in the determination of

23  the Petitioner's sentence.  Despite the agreement of the parties

24  and this Court's acceptance of the plea agreement, this Court found

25  the Guidelines were advisory in violation of the plea agreement and

26  contrary to its own ruling.

27       Prior defense counsel should have objected and required

28  specific performance of the term of the plea agreement making the

-10-

1  Guidelines mandatory and binding upon this Court.  This negotiated
2  term of the plea agreement provided Petitioner with the Sixth
3  Amendment protections set forth in the substantive majority opinion
4  in Booker limiting this Court to Petitioner's admissions when
5  determining whether any Guideline enhancements could be applied to
6  increase his offense level.

7        Petitioner was prejudiced by his prior counsel's deficient
8  performance because this Court improperly increased his sentence by
9  four levels and increased the potential sentencing range by four
10 years.  Since Petitioner never admitted to possession of a firearm
11 in connection with the conspiracy to distribute methamphetamine,
12 this Court was precluded from finding the gun enhancement applied
13 to this case and increasing his total offense level two points or
14 levels.  In addition, this Court should have applied the "safety
15 valve" provisions, which were denied in light of this Court's
16 finding as to the gun enhancement, thereby resulting in a further
17 decrease of two levels in Petitioner's total offense level.

18       Petitioner should have a total offense level of 27, not 31 as
19 was determined by this Court at sentencing.  Petitioner's
20 corresponding sentencing range should have been 70-87 months, not
21 108-135 months.  Even if this Court sentenced at the high end of
22 the correct sentencing range, Petitioner still would not have
23 received a sentence of 110 months.  As a result, prior counsel's
24 performance prejudiced Petitioner, and this Court should grant
25 Petitioner's Motion to Vacate, Set Aside, and Correct the sentence
26 imposed in this case.
27 ///
28 ///

B.    <u>PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN PRIOR COUNSEL FAILED TO ARGUE THE SUPREME COURT'S HOLDING IN BOOKER LIMITED THIS COURT TO PETITIONER'S ADMISSIONS WHEN DETERMINING THE APPLICABLE SENTENCING GUIDELINE RANGE FOR HIS CASE.</u>

A defendant is denied his right to effective assistance of counsel guaranteed under the Sixth Amendment to the United States Constitution when his counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as producing a just or fair result. In order to prevail on this claim, a defendant must show both his attorney's performance fell below an objective standard of reasonableness, and that he suffered prejudice because of his attorney's deficient performance. But for this unprofessional error, the results would have been different. <u>Strickland v. Washington</u>, 466 U.S. at 688.

A defendant is entitled to effective assistance of counsel at the sentencing stage of his criminal proceedings. <u>Glover v. United States</u>, 531 U.S. at 200. His attorney's performance would fall below an objective standard of reasonableness when counsel failed to object to an erroneous application of the Guidelines to the defendant's case. <u>Cabello v. United States</u>, 884 F.Supp. at 300-301. Prejudice is established by showing that the defendant would have received less time in custody if his attorney would have objected to the erroneous application of the Guidelines to his case. <u>Glover v. United States</u>, 531 U.S. at 202-203.

In this case, the performance of Petitioner's counsel was deficient when he failed to argue that this Court was limited to Petitioner's admissions when determining the applicable sentencing guideline range for his case. Counsel raised these arguments prior to sentencing in his moving papers, but failed to address this

-12-

1    issue at sentencing when this Court decided whether the gun

2    enhancement applied to Petitioner's case.

3        In United States v. Booker, the United States Supreme Court

4    ruled the Sixth Amendment protections, as set forth in Apprendi v.

5    New Jersey, 530 U.S. 466 and Blakely v. Washington, 124 S.Ct 2531,

6    are applicable to the United States Sentencing Guidelines.  Any

7    fact other than a prior conviction which is necessary to support a

8    sentence exceeding the maximum authorized by the facts established

9    by a plea of guilty or a jury verdict must be admitted by the

10   defendant or proved to a jury beyond a reasonable doubt.  Apprendi

11   v. New Jersey, 530 U.S. at 490.  The statutory maximum sentence is

12   the maximum sentence a judge may impose solely on the basis of

13   facts reflected in the jury's verdict or admitted by the defendant.

14   Blakely v. Washington, 124 S.Ct. at 2537.  Applying these two

15   holdings to the Guidelines, to the extent a district court seeks to

16   increase a defendant's offense level and corresponding sentencing

17   range using enhancements set forth in the Guidelines, the facts

18   used to prove those enhancements must be found by a jury beyond a

19   reasonable doubt unless they are admitted by the defendant.  United

20   States v. Booker, 125 S. Ct. at 749-750 (substantive majority

21   opinion).

22       Both opinions in Booker and a recent holding by this Circuit

23   find the portions of the Guidelines which are mandatory and impose

24   binding requirements on all judges trigger the Sixth Amendment

25   protections set forth in Apprendi and Blakely.  United States v.

26   Booker, 125 S.Ct at 749-750 (substantive majority opinion); 125

27   S.Ct at 764 (remedial majority opinion); United States v. Ameline,

28   409 F.3d at 1077-1078.  To address the Sixth Amendment violations,

1  Justice Breyer fashioned a remedy which excised 18 U.S.C. §§

2  3553(b)(1) and 3742(e) from the Guidelines to eliminate portions of

3  the sentencing statute which require courts to impose a sentence

4  within the applicable Guideline's range.  United States v. Booker,

5  125 S.Ct. at 756 (remedial majority opinion).

6      Petitioner is cognizant that one could argue the remedy as set

7  forth by Justice Breyer undermines his claim in this section of the

8  brief of Sixth Amendment violations.  Yet, a close reading of both

9  Booker opinions along with the statutory language of 18 U.S.C. §

10 3553(a) shows the Guidelines after Booker still remain mandatory

11 and impose binding requirements on all sentencing judges.  As a

12 result, prior counsel should have objected to this Court increasing

13 Petitioner's offense level two levels for a gun enhancement and

14 failing to apply the "safety valve" provisions because the gun

15 enhancement applied because this Court relied upon facts other than

16 those found by a jury beyond a reasonable doubt or admitted by

17 Petitioner to reach these conclusions.

18      The substantive and remedial majority opinions do not disagree

19 as to the following rule: a sentencing judge must consider the

20 Guidelines when imposing a sentence in any criminal case.  The

21 remedial majority opinion relied upon the mandatory language in 18

22 U.S.C. § 3553(a)(4) to reach this conclusion.  In fact, Justice

23 Breyer found consideration of Guidelines was the only factor

24 amongst those listed in 18 U.S.C. § 3553(a) which must be

25 considered by a court.  United States v. Booker, 125 S.Ct at 750

26 (substantive majority opinion); 125 S.Ct. at 757 (remedial majority

27 opinion) ("It requires a sentencing court to consider Guidelines

28 ranges, see 18 U.S.C. § 3553(a)(4) (Supp. 2004), but it permits the

-14-

1   court to tailor the sentence in light of other statutory concerns
2   as well, see § 3553(a) (Supp. 2004)") (emphasis added).

3       The mandatory language of 18 U.S.C. § 3553(a)(4), as written
4   and as interpreted by the remedial majority, makes the Guidelines
5   sentencing ranges binding upon all sentencing judges.  Thus, the
6   Sixth Amendment is implicated to the extent a court relies upon
7   facts not found by a jury beyond a reasonable doubt or admitted by
8   a defendant to increase the defendant's offense level and
9   corresponding sentencing range.

10      This conclusion making the Guidelines sentencing ranges
11  binding upon all sentencing judges is corroborated by the remaining
12  language in 18 U.S.C. § 3553(a).  Pursuant to this statute, a court
13  is permitted to tailor a sentence in light of other statutory
14  concerns listed in this section.  First, a sentencing court shall
15  consider the nature and circumstances of the offense and the
16  history and characteristics of the defendant.  See, 18 U.S.C. §
17  3553(a)(1).  The Guidelines, as written, contain a comprehensive
18  consideration of the majority of the circumstances relating to each
19  type of crime and each person's criminal history.  To the extent a
20  factor or circumstance is present which had not been adequately
21  taken into consideration by the Sentencing Commission, or when a
22  discouraged factor under the Guidelines justifies departure because
23  it is present in some unusual or exceptional manner, a district
24  court may impose a sentence outside the Guideline range if the
25  court finds the case is unusual enough to fall outside the
26  heartland of cases in the Guidelines.  Koon v. United States, 518
27  U.S. 81, 98 (1996).
28  ///

When taken together, circumstances outlined in the Guidelines and those not adequately taken into consideration by the Guidelines, a district court in effect has considered all of the kinds of sentences available before imposing a sentence pursuant to 18 U.S.C. § 3553(a)(3). Thus, a court must consider the Guidelines when meeting its obligations under 18 U.S.C. §§ 3553(a)(1) and (a)(3).

In addition, a court also must consider the Guidelines in order to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct. See, 18 U.S.C. § 3553(a)(6). Both Justices Stevens and Breyer acknowledged in Booker that Congress adopted the Guidelines to ensure that similarly situated defendants receive similar sentences and/or that sentencing disparity is eliminated. United States v. Booker, 125 S.Ct at 759 (remedial majority opinion); 125 S.Ct. at 783 (Stevens, J., dissenting opinion).

Thus, a court must consult or consider the applicable sentencing range from the Guidelines in order to take into consideration and incorporate the other factors listed in 18 U.S.C. § 3553(a) when determining a defendant's sentence. The net effect of tailoring a sentence in light of the other statutory concerns listed in 18 U.S.C. § 3553(a) is that the Guidelines must be considered to complete this analysis thereby making the Guidelines and the Guideline sentencing range binding upon the court.

Accordingly, a court may only rely upon facts found by a jury beyond a reasonable doubt or admitted by a defendant to determine a defendant's offense level and corresponding sentencing range under the Guidelines. In cases like this one where the Petitioner did

1  not exercise his right to trial and has made certain admissions at
2  the time of his change of plea, in the plea agreement and the
3  memorandum of sentencing, this Court must limit Petitioner's
4  offense level to these admissions.  Otherwise, the Sixth Amendment
5  protections set forth in Booker will be completely undermined and
6  meaningless.

7        Petitioner was prejudiced by his prior counsel's deficient
8  performance because this Court improperly increased his sentence by
9  four levels: increased his sentence two levels for the gun
10 enhancement and failed to decrease his offense level two levels
11 finding the safety valve did not apply because of the gun
12 enhancement.  In effect, Petitioner should have had a total offense
13 level of 27, not 31 as was determined by this Court at sentencing.
14 Petitioner's corresponding sentencing range should have been 70-87
15 months, not 108-135 months.  Even if this Court sentenced at the
16 high end of this new sentencing range, Petitioner still would not
17 have received the 110 months sentence imposed in this case.  As a
18 result, prior counsel's performance prejudiced Petitioner, and this
19 Court should grant Petitioner's Motion to Vacate, Set Aside, and
20 Correct the sentence imposed in this case.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    <u>CONCLUSION</u>

2        For the above reasons, this Court should grant Petitioner's

3    Motion to Vacate, Set Aside and/or Correct his sentence, and

4    conduct a new sentencing hearing in this matter.

5    Dated:  March 20, 2006                Respectfully Submitted,

6

7

8    MICHAEL S. EVANS
     Attorney for Defendant/Petitioner
9    MICHAEL FARINA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28