Exhibit A

EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

ELLIOT ENOKI   #1528
First Assistant U. S. Attorney

LOUIS A. BRACCO
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:   lou.bracco@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 17 200_
at __ o'clock and __ min. __ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL FARINAS,<br><br>　　　　　Defendant. | CR. NO. 03-00221-01 (HG)<br>CR NO. 03-00350 HG<br><br>MEMORANDUM OF PLEA<br>AGREEMENT; EXHIBIT "A"<br><br>DATE:   July 17th, 2003<br>TIME:   1:00 p.m.<br>JUDGE:  Hon. Leslie E.<br>　　　　　Kobayashi |

MEMORANDUM OF PLEA AGREEMENT

　　　　Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, MICHAEL FARINAS, and his attorney, Samuel P. King,

Jr., have agreed to enter into this plea agreement as stated below:

A.   THE INDICTMENT

1.   Defendant acknowledges that he has been charged in the above-captioned Indictment in the District of Hawaii with conspiring to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine, its salts, isomers and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2.   Defendant has read the charge against him contained in the Indictment, and this charge has been fully explained to him by his attorney.

3.   Defendant fully understands the nature and elements of the crime with which he has been charged.

4.   Defendant agrees to enter a voluntary plea of guilty to conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine as charged in the Indictment. Additionally, Defendant agrees to enter a voluntary plea of guilty to a money laundering offense (in violation of 18 U.S.C. § 1956(a)(1)(A)(i) as alleged in the proposed Criminal Information annexed hereto as Exhibit "A." As to the offense alleged in Exhibit "A," Defendant agrees to waive Indictment and to proceed by Criminal Information. In return for Defendant's agreement to plead guilty to the offenses charged in

the Indictment and in the Criminal Information (Exhibit "A"), and his agreement to persist in such guilty pleas, the U.S. Attorney agrees not to prosecute defendant for additional drug trafficking and/or money laundering offenses committed by the Defendant, which offenses are now known to the U. S. Attorney.

5. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. Defendant enters this plea because he is in fact guilty of willfully participating in a drug conspiracy which caused quantities of methamphetamine in excess of 50 grams to be sent from California to Hawaii on an ongoing basis during the time period alleged in the Indictment, and, willfully aiding and abetting another person to conduct a financial transaction between Hawaii and California involving the proceeds of this drug trafficking conspiracy. Defendant agrees that this plea is voluntary and not the result of force or threats.

B. PENALTIES

7. Defendant understands that the penalties for the offenses to which he is pleading guilty include:

a. As to the Indictment: Up to life imprisonment with a mandatory minimum term of imprisonment of 10 years; a fine of up to $4,000,000; plus a supervised release term of at least 5 years and up to life.

3

b.  <u>As to the Criminal Information</u>: Up to 20 years imprisonment, a fine of either (1) up to $500,000 or (2) an amount equal to twice the value of the property involved in the transaction, whichever is greater; plus a supervised release term of up to 3 years.

c.  At the discretion of the court, defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances.  If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. §862(d).

d.  In addition, the Court must impose a $100 special assessment as to each offense to which Defendant is pleading guilty.  Defendant agrees to pay $100 for each count to which he is pleading guilty to the United States Attorney's Office, to be credited to said special assessments, before the commencement of any portion of sentencing.  Defendant acknowledges that failure to make such full advance payment in a

form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

### C. FACTUAL BASIS

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

   a. <u>As to the Indictment</u>: In or about November 1999 and continuing to on or about October 22, 2001, Defendant agreed with his brother Elmer Farinas, and other persons, to obtain quantities of methamphetamine on the U.S. mainland, and to cause such methamphetamine to be transported to Hawaii, for distribution in Hawaii. Defendant acknowledges that between November 1999 and October 2001, numerous deliveries of amounts of methamphetamine in excess of 50 grams of actual methamphetamine were transported by courier from California to Hawaii, received in Hawaii by Michael Farinas and/or Elmer Farinas in Hawaii, and, ultimately distributed in Hawaii. Defendant acknowledges that in July 2001, he received a quantity of methamphetamine in excess of 50 grams in Hawaii, from a courier who transported the methamphetamine from California to Honolulu in furtherance of the conspiracy.

b. <u>As to the Criminal Information</u>: By reason of the ongoing drug trafficking activity by Defendant and others described in paragraph 8(a) herein, monetary proceeds of drug trafficking were derived. Such monies were from time to time sent from Hawaii to California by Western Union Wire Transfer in furtherance of and to promote the conspiracy. Defendant admits that on or about June 27, 2000, he willfully caused another person to wire-transfer $4,000 in United States currency which were proceeds of drug trafficking activity, from Honolulu, Hawaii to Los Angeles, California.

D.   <u>SENTENCING GUIDELINES</u>

9. The parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10. The parties agree that notwithstanding the parties' agreement herein, or any stipulation(s) that may be entered into by the parties, the Court is not bound by any such stipulation, but may, with the aid of the pre-sentence report, determine the facts relevant to sentencing.

11. Defendant understands that the Court in imposing sentence will be bound by the provisions of the Sentencing Guidelines. The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of

any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

12. Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

E.  WAIVER OF TRIAL RIGHT(S)

13. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

14. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to Defendant, and the consequences of the waiver of those rights.

15. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement, since the Court is expressly not bound by stipulations between the parties.

16. Defendant understands that the United States Attorney will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

F. STIPULATIONS

17. The parties have made the following stipulation(s) for the purpose of sentencing Defendant in connection with this matter. Defendant understands that notwithstanding the

stipulation(s) below, and still within this agreement, the United States Attorney reserves the right to call and examine witnesses as to any issue(s) underlying a stipulation(s), or, should the court request that evidence be presented as to any issue. Based upon information presently known to the prosecution, as of the date of the execution of this Agreement:

    a.   The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.

    G.   <u>LIMITED APPEAL WAIVER</u>

    18.   The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

H. COOPERATION AGREEMENT

19. Defendant agrees that he will fully cooperate with the United States.

a. Defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited

11

to, any grand jury proceedings, trial proceedings involving co-conspirators and others indicted later in the investigation, and related civil proceedings.

   b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

   c. Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding involving or related to the crimes alleged in this Indictment or in any subsequent charges related to this investigation, at which the prosecution requests him to so testify.

   d. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

   e. Defendant agrees to submit to a polygraph examination(s) concerning all matters relevant to this plea agreement.

20. If Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the United States Attorney agrees not to use said statements, directly or indirectly, or the fruits thereof, in its case in chief in the trial of Defendant in this matter. Defendant understands that this shall <u>not</u> bar the use of such information and/or evidence derived from said statements, or prohibit the use of said statements, by the prosecution in cross-examination of Defendant or in presenting rebuttal evidence against Defendant in the present case. Finally, Defendant understands that, should the Defendant breach the plea agreement, the use of such information/evidence is not barred under any circumstances.

21. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the United States Attorney may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person(s) who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the United States Attorney may also move the Court to impose a sentence below the level established by statute as a minimum sentence for the offense(s)

charged in the Indictment and/or the proposed Criminal Information, on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person(s) who has committed an offense. Defendant understands that:

    a. The decision as to whether to make such a request or motion is entirely up to the United States Attorney.

    b. This Agreement does not require the United States Attorney to make such a request or motion.

    c. This Agreement confers neither any right upon the Defendant to have the United States Attorney make such a request or motion, nor any remedy to Defendant in the event the United States Attorney fails to make such a request or motion.

    d. Even in the event that the United States Attorney makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

//
//
//
//
//
//
//

I. STATEMENT AS TO COMPLETENESS

22. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

DATED: JUL 17 2003 _____, at Honolulu, Hawaii.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
ELLIOT ENOKI
First Assistant U. S. Attorney

_____
LOUIS A. BRACCO
Assistant U.S. Attorney

_____
MICHAEL FARINAS
Defendant

_____
SAMUEL P. KING, JR.
Attorney for Defendant

15