Exhibit D

EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

ELLIOT ENOKI  #1528
First Assistant U. S. Attorney

LOUIS A. BRACCO
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: lou.bracco@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 28 2005

at __ o'clock and __ min. P___
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL FARINAS,　　　(01)<br><br>　　　　　Defendant. | CR. NO. 03-00221-01 (HG)<br>CR. NO. 03-00350-01 (HG)<br><br>MEMORANDUM OF SENTENCING AGREEMENT<br><br>DATE:<br>TIME:<br>JUDGE: |

## MEMORANDUM OF SENTENCING AGREEMENT

Subject to the approval of the Court, the United States of America, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, Michael Farinas and his attorney, Myles Breiner, Esq., have agreed to enter into this sentencing agreement as stated below:

1.　Defendant Michael Farinas ("Farinas") acknowledges that he is presently pending a sentencing hearing before this

Court based upon his guilty plea(s). On July 17, 2003, Defendant Farinas pled guilty to conspiracy to distribute/possess with intent to distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. § 846 (as to Indictment 03-00221 HG) and financial transaction money laundering in violation of 18 U.S.C. § 1956(a)(1) (as to Criminal Information 03-00350 HG).

2. Defendant has read and reviewed the revised Presentence Report prepared by U. S. Probation Officer Anne Shimokawa dated March 14, 2005. Defendant has also discussed the contents of this Presentence Report with his attorney.

3. The parties have agreed to the sentencing bargain proposed herein to avoid the uncertain outcome of litigation, absent this agreement, with respect to (a) base offense level and the sentencing enhancements recommended in the Presentence Report, as well as to (2) quantification of the value of cooperation provided to law enforcement by Defendant, and related possible/prospective trial or grand jury testimony. Should the Court accept the sentencing agreement proposed herein, the parties agree to be bound to the terms of this agreement with respect to the sentencing matters addressed. Should the Court refuse to accept this sentencing agreement, it is null and void, and neither party shall be bound thereto.

4. The United States Attorney and Defendant Farinas propose and agree pursuant to this sentencing agreement, that the appropriate base offense level for the drug conspiracy offense of conviction is level 32. The higher base offense which is

recommended in the PSR, is based on accomplice information, subject to testimonial proof, at a sentencing hearing. For the reasons explained below, the United States Attorney also agrees to refrain from seeking enhancements to base offense level, and, to the offense level premised upon the role-in-the-offense (guideline §3B1.1) grounds which are recommended in the Presentence Report.

5. The United States Attorney and Defendant Farinas further agree that Defendant Farinas has demonstrated an acceptance of personal responsibility for his criminal conduct, and, notified authorities of his intention to enter a guilty plea in a timely manner, such that downward sentencing guideline adjustments of two levels (pursuant to §3E1.1(a)) and one level (pursuant to §3E1.1(b)) are warranted.

6. The United States Attorney recognizes that Defendant has provided information and assistance to law enforcement agents concerning other persons involved in the offense(s) of conviction, as well as other matters. The "value" of the Defendant's cooperation is difficult to quantify, by reason of multiple factors relating to availability of investigative resources and staleness at the time information was provided, and, availability of independent corroborative evidence. The Defendant has agreed (by his plea agreement) to testify truthfully at any and all trials, hearings, or other proceedings at which the prosecution requests him to testify,

3

and, not to assert any privilege to refuse to testify at any such proceeding(s).

7. Accordingly, in recognition and reward for the (a) cooperation already provided by Defendant, and, (b) Defendant's agreement to persist in such cooperation hereafter, <u>and, in lieu of any present or future downward sentencing departure motion for substantial assistance</u>, the United States Attorney agrees to refrain from seeking the guideline sentencing enhancements identified in ¶4 herein.

8. In turn, Defendant agrees that the United States Attorney's forebearance from seeking the sentencing enhancements identified in ¶4, constitutes sufficient sentencing credit for all cooperation provided to date, as well as any future cooperation/testimony as to related matters, such that no additional sentencing departure, based upon such substantial assistance provided by Defendant, is warranted, except to the extent provided for in ¶9 herein.

9. Should the Court elect to accept this sentencing agreement, and should the Court thereafter determine that the "safety valve" is not available to Defendant, the U. S. Attorney agrees to move for a departure (based on substantial assistance) notwithstanding ¶7 herein, only to the extent a sentence below the 10-year statutory minimum is permitted by the sentencing guidelines, and, is determined by the Court to be an appropriate sentence.

4

10. The agreement proposed herein does **not** include any agreement as to criminal history category, or, as to whether the Defendant may be eligible for a "safety valve" consideration under the guidelines.

11. The Parties agree that, if the Court accepts this agreement, the Parties are bound by its terms. The Parties acknowledge that this agreement is **not** binding upon the Court.

12. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this agreement, to induce Defendant to enter into this sentencing bargain.

AGREED:   DATED: March 22, 2005, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

ELLIOT ENOKI
First Assistant U. S. Attorney

LOUIS A. BRACCO
Assistant U.S. Attorney

MICHAEL FARINAS
Defendant

MYLES BREINER, ESQ.
Attorney for Defendant

5