IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL FARINAS, | ) CRIM. NO. 03-00221 HG-01 |
| | ) CIVIL NO. 06-00163 HG LEK |
| Movant, | ) |
| | ) CRIM. NO. 03-00350 HG-01 |
| vs. | ) CIVIL NO. 06-00164 HG-LEK |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOVANT'S REQUEST
FOR A CERTIFICATE OF APPEALABILITY**

Defendant Michael Farinas ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which the Court denied by written order on July 24, 2006. On August 23, 2006, Movant filed a Notice of Appeal. The Court construes the notice as a request for certificate of appealability ("COA")and denies it for the following reasons:

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right", 28 U.S.C. § 2253(c)(2), and shall indicate which specific issues satisfy the requirement. To make a "substantial" showing, the United States Supreme Court has explained that a prisoner must show that "reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983). "Where a district court has rejected the claim on the merits, the showing required to satisfy § 2253(c) is straightforward: The Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong". Slack, 529 U.S. at 484; see also, Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002), cert. denied, 539 U.S. 958 (2003).

In his plea agreement, Movant specifically waived his right to appeal any sentence within the statutory maximum. He also expressly waived the right to collaterally challenge his sentence or the manner in which it was determined, but retained the right to bring a § 2255 motion based on ineffective assistance of counsel. In his § 2255 motion, Movant essentially challenged the manner in which his sentence was determined and sought to blame his counsel as "ineffective". In his underlying sentencing challenge, Movant misunderstands the relevant law, and his ineffectiveness argument fails to make a substantial showing of the deprivation of the right to effective counsel.

Prior to his sentencing, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005) and held that the federal sentencing guidelines are advisory.  At sentencing on March 28, 2005, this Court considered the federal sentencing guidelines as

advisory and otherwise adhered to the sentencing agreement.  The Court adopted the Presentence Report in part, modifying it to conform with the Memorandum of Sentencing Agreement, and then sentenced Movant on the low end of the applicable sentencing range.  The Court enhanced his sentence two levels for firearm possession and imposed a sentence of 110 months imprisonment, to be followed by a total of five years of supervised release.

Movant claims that his counsel was ineffective for not arguing that the Court was bound by the specific term in the written sentencing agreement which advised Movant that the guidelines were mandatory.  He further argues, erroneously, that under mandatory guidelines, the Court could not have enhanced his sentence two levels for relevant conduct, i.e., possession of a firearm.  Movant significantly misstates the law by asserting that "the Guidelines after <u>Booker</u> still remain mandatory and impose binding requirements on all sentencing judges".  (Doc. 69, Memo. in Supp. of § 2255 Motion at 14.)  He then concludes in attenuated fashion that he was "prejudiced" and that his counsel was ineffective on such basis.

Movant is not entitled to a COA because his ineffectiveness argument is based on an incorrect premise and erroneous statements of law.  His argument falls quite short of making a "substantial showing" that he was deprived of the right to effective counsel. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668,

687 (1984)(the prisoner must show objectively deficient performance by counsel and resulting prejudice to the defense). The record shows that Movant received a vigorous defense by capable counsel and a substantially reduced sentence of 110 months, which was far below the statutory maximum.

The plea agreement specified that:

> "The parties agree that notwithstanding the parties' agreement herein, or any stipulation(s) that may be entered into by the parties, the Court is not bound by any such stipulation, but may, with the aid of the pre-sentence report, determine the facts relevant to sentencing.
> ... The Defendant further agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source." (Doc. 31, ¶¶ 10, 11).

In other words, Movant agreed as part of his plea agreement that the Court would determine relevant conduct for purposes of sentencing. Contrary to Movant's rather inconsistent arguments, his sentence would not have been reduced further if his counsel had urged "mandatory" application of the Guidelines post-<u>Booker</u>.

Additionally, the Court made it clear at sentencing that the "safety-valve" provision would be denied and offered Movant the opportunity to withdraw from the Sentencing Agreement. Movant chose to go forward. He benefitted greatly from plea bargain negotiated by his counsel and can show no "prejudice". Having entered a sentencing agreement in which he agreed that the Court would determine relevant conduct, Movant essentially wishes to

undo the Court's determination regarding enhancement. His reliance on Booker for such proposition is misplaced,[1] and he has not made a substantial showing that his counsel was ineffective on such basis.

The record also reflects that, contrary to Movant's allegation, his counsel did object at sentencing to the enhancement for possession of the firearm. The fact that counsel did not prevail on such objection does not mean that he was ineffective within the meaning of Strickland.  The Sixth Amendment certainly does not require counsel to prevail on every motion or objection in order to be deemed effective. "[A]nalysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)(footnote omitted).  The fact that Movant's sentence was enhanced over counsel's objection does not show any objectively deficient performance by counsel, much less any

---

[1] To the extent Movant argued in his §2255 motion that under Booker, the Court could not enhance his sentence, the law is now well-settled that such Supreme Court decision is not retroactively applicable to cases on collateral review. See, e.g., United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005); Hewett v. United States, 372 F. Supp. 2d 585 (D. Haw. 2005); Hirano v. United States, 2006 WL 1343658 (D. Haw. May 15, 2005).  Claims under Booker, like other sentencing matters, must be raised on direct appeal.  To the extent Movant presented such argument as a ground for ineffective assistance of counsel, he misunderstands the relevance and application of the holding of Booker in the present case.  Movant's notion that his sentence could not be enhanced is incorrect.

resulting prejudice.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686; and see, Williams v. Taylor, 529 U.S. 362, 392-93 and n.17 (2000) (explaining that the prejudice part of the Strickland test "focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair"). Counsel's performance was well within competent professional bounds and did not adversely affect the reliability of the proceeding in any way.

For purposes of issuing a COA, Movant's allegations do not amount to a "substantial showing" that counsel was constitutionally ineffective at sentencing. Jurists of reason would not debate this matter, and Movant's allegations do not deserve encouragement to proceed further.  Accordingly,

It is **HEREBY ORDERED** that the Movant's construed "Request for a Certificate of Appealability" is **DENIED**.

DATED:  Honolulu, Hawaii, September 29, 2006.



/s/ Helen Gillmor
Chief United States District Judge

Crim. No. 03-00221 HG-01; Civil No. 06-00163 HG-LEK; Crim. No. 03-00350 HG-01; Civil No. 06-00164 HG-LEK; Michael Farinas v. United States; **ORDER DENYING MOVANT'S REQUEST FOR A CERTIFICATE OF APPEALIBILITY**